### SILER, Appellee, v. BUREAU OF UNEMPLOYMENT COMPENSATION and TROY HOTEL COMPANY, INC., Appellants.

Ohio Appeals, Second District, Miami County.

No. 461. Decided November 2, 1951.

J. Richard Gaier, Piqua, for appellee.

Hon. C. William O'Neill, Atty. Genl., John W. Hardwick, Asst. Atty. Genl., Columbus, for appellant, Bureau of Unemployment Compensation.

## OPINION

By MILLER, J.

This is a law appeal from a judgment of the Court of Common Pleas reversing the order of the Board of Review denying the plaintiff's application for unemployment benefits. The Court in its judgment entry found the order appealed from "to be contrary to law and against the manifest weight of the evidence."

The facts pertinent to the issues presented disclose that in June, 1937, the claimant herein, Nellie A. Siler, started to work for the Lollis Hotel Company of Troy, Ohio; that said employment continued until July 15, 1949; that on July 19, 1949, the appellee reported for work as usual and was told by her employer that she was no longer needed. Thereupon, on July 25 a claim for compensation was filed with the Bureau of Unemployment. The claim was allowed and appeal taken to the Board of Review. A hearing was had by a referee and again the claim was allowed, the referee affirming the finding of the Administrator. Thereupon an application for rehearing was made to the Board of Review and the same was granted. Testimony was heard by the referee and a decision was rendered by the Board, disallowing the claimant's claim for benefits. The fact upon which the Board based its order appears to be the following finding.

"* * * However, the evidence adduced at the instant hearing disclosed that she was not actively seeking employment and had only contacted one employer that she named for work during the period of time running from July 19, 1949 to February 24, 1950 (date of hearing herein). It is clear also that claimant restricted her availability for work which would enable her to be at home at meal times so that she could prepare meals for her husband. It would seem that claimant could not be heard to say that she was unable to obtain work in view of the fact that she only contacted one employer during some seven or more months of unemployment. In view of the fact that claimant cannot meet the mandatory requirements for filing a valid claim, as set forth in subsections (4) and (5) of §1345-6a GC, it becomes unnecessary to examine the reason for her separation from her employment with Employer 'A' as of July 19, 1949. Accordingly, her claim is herein disallowed."

It will be noted that the Board's decision was based upon

the fact that claimant could not meet the mandatory requirements and that she was not actively seeking work. The Board relied upon §1345-6a, subsections 4 and 5, GC, in effect at the time the claim arose, and which provides:

"No individual shall be entitled to any benefits unless he or she;

"(4) is able to work and is available for work in his usual trade or occupation, or in any other trade or occupation for which he is reasonably fitted; and

"(5) is unable to obtain work in his usual trade or occupation or any other employment for which he is reasonably fitted including employment not subject to the Unemployment Compensation Act."

. Counsel for the defendant-appellant herein cites the case of **Shannon v. Bureau of Unemployment Compensation, et al., 155 Oh St 53,** to support his position, the syllabus of which reads as follows:

"1. The burden of proof is upon the claimant to establish the right to unemployment benefits under the unemployment compensation law of Ohio.

"2. Mere registration of a claimant with a state employment agency and reporting weekly to such agency do not establish such claimant as 'available for work' under §1345-6 GC, as that section was worded prior to the amendment thereof which was effective October 18, 1949.

"3. In order to so qualify the claimant must prove reasonable effort to find suitable employment in addition to such registration and reporting."

The real question presented, therefore, as we see it, is whether or not the order of the Board was against the manifest weight of the evidence. We have carefully examined a transcript of the testimony taken before the referee and are of the opinion that it is not against the weight of the evidence, much of the finding being based upon the claimant's own statements. Under §1346-4 GC an order of the Board may be reversed, vacated or modified when it is "unlawful, unreasonable or against the manifest weight of the evidence." Clearly, the decision was not unlawful, and we do not think it was unreasonable or not supported by the evidence.

The judgment of the Common Pleas Court will be reversed and the order of the Board of Review will be affirmed.

HORNBECK, PJ, WISEMAN, J, concur.